IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER MOLES,** | : | **CIVIL ACTION NO. 1:07-CV-0627** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **RONNIE HOLT,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241, filed by petitioner, Walter Moles ("Moles"), an inmate confined at

the Federal Correctional Institution at Schuylkill, Schuylkill, Pennsylvania.  For the

reasons set forth below, the petition will be dismissed without prejudice.  See R.

GOVERNING § 2254 CASES R. 4.

I.     **Background**

Moles is a federal inmate whose projected release date is August 27, 2012.

(Doc. 1, p. 14).  Presently, the State of Arkansas has a detainer lodged against Moles

with a discharge date of November 25, 2017.  (Id.).  Moles does not challenge the

legality of the detainer.  (Doc. 1, p. 18).  Rather, he contends that the State of

Arkansas has paroled him to his federal sentence and, if he provides the Arkansas

Department of Corrections with a deoxyribonucleic acid ("DNA") sample, the

detainer will be lifted.  (Doc. 1, pp. 5, 8, 14).  However, because the Federal Bureau

of Prisons has not cooperated with his efforts to provide the DNA sample (Doc. 1,

pp. 5-6), he seeks to compel Warden Ronnie Holt to order the medical department

to extract a DNA sample from him and forward it to the Arkansas Department of

Corrections.

## II.   **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either

the fact or duration of his confinement.  <u>Preiser v. Rodriguez</u>, 411 U.S. 45, 494

(1973); <u>Tedford v. Hepting</u>, 990 F.2d 745, 748 (3d Cir. 1993).  "Habeas relief is clearly

quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of

habeas corpus has traditionally been to 'inquire into the legality of the detention,

and the only judicial relief authorized was the discharge of the prisoner or his

admission to bail, and that only if his detention were found to be unlawful.'"

<u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and

the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553

(2001)).

Careful review of the petition reveals that Moles is not challenging the

legality of the detainer.  Instead, he is seeking to compel Warden Ronnie Holt to

order the medical department to collect a DNA sample from him.  Such a claim is

not cognizable in a habeas corpus action as he does not seek speedier or immediate

release from custody or challenge the legality of his present incarceration.

2

Consequently, the petition will be dismissed without prejudice to any right Moles may have to file a petition for writ of mandamus.[1]

AND NOW, this 11th day of April, 2007, it is hereby ORDERED that:

1.    The application to proceed *in forma pauperis* (Doc. 2) is GRANTED.

2.    The Petition for Writ of Habeas Corpus is DISMISSED without prejudice to any right Moles may have to file a petition for writ of mandamus.

2.    The Clerk of Court is directed to CLOSE this case.


                              S/ Christopher C. Conner
                              CHRISTOPHER C. CONNER
                              United States District Judge

---

[1]28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Mandamus is considered an "extraordinary remedy," Mallard v. United States Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 308 (1989), and a "drastic remedy that 'is seldom issued and its use is discouraged.' " In re Patenaude, 210 F.3d 135, 140 (3d Cir.2000) (citations omitted).